IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNIVERSAL FURNITURE INTERNATIONAL , INC., | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No.: _____ |
| v. | ) ) | |
| PAUL FRANKEL AND LEONARD FRANKEL | ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Universal Furniture International, Inc. ("UFI"), for its complaint against

Defendants Paul Frankel and Leonard Frankel ("Defendants"), states and alleges the

following:

### NATURE OF THIS ACTION

1.    This is an action at law and in equity for false designations of origin under the

Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051 et seq.; for direct and

contributory copyright infringement under the Copyright Act of 1976 (the "Copyright Act"), 17

U.S.C. §§ 101 et seq.; for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1;

and for unfair competition under North Carolina common law.  This action arises by reason of

Defendants' unauthorized procurement of items of furniture, or substantially similar copies

thereof, from two current UFI furniture collections, identified more specifically below; the

unauthorized public display, offering for sale, and sale of such items of furniture in the

showroom of Collezione Europa USA, Inc. ("Collezione Europa"), a company owned and

controlled at all relevant times by Defendants, at the October 2004 International Home Furnishings Market in High Point, North Carolina; and Defendants' direction of and participation in the unauthorized reproducon and distribution of those collections, and in the creation and distribution of derivative works based thereon, for sale to the public.

2.      Defendants' company, Collezione Europa, has already been found liable by this Court, in a separate action, for copyright infringement, unfair competition, and unfair and deceptive trade practices based on the events described above, in the case of *Universal Furniture International, Inc. v. Collezione Europa USA, Inc*., Civil Action No. 1:04-CV-977-WLO-PTS ("the Collezione Europa Litigation"). Defendants, both individually and jointly, directly induced, materially participated in, caused, and controlled the unlawful and infringing actions of the Collezione Europa Litigation, and had full knowledge at all relevant times of those actions. Furthermore, Defendants, both individually and jointly, at all relevant times had the right and ability to supervise and control the infringing activities, and, as joint owners of Collezione Europa and otherwise, had a direct financial interest in those activities. Defendants are therefore liable to UFI directly, contributorily, and vicariously, for the acts of copyright infringement, unfair competition, and unfair and deceptive trade practices that this Court found in the Collezione Europa Litigation.

## THE PARTIES

3.      UFI is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 4190 Eagle Hill Drive, High Point, North Carolina 27265.

4.     Upon information and belief, Defendant Paul Frankel is a citizen and resident of the State of New Jersey.  At all times relevant to this Complaint, Defendant Paul Frankel has been Collezione Europa's Vice President, Secretary, Treasurer, and, with his brother, Defendant Leonard Frankel, its joint owner.

5.     Upon information and belief, Defendant Leonard Frankel is a citizen and resident of the State of New Jersey.  At all times relevant to this Complaint, Defendant Leonard Frankel has been Collezione Europa's President and, with his brother, Defendant Paul Frankel, its joint owner.

6.     Defendants regularly appear and do business in the State of North Carolina and in this judicial district.  They committed tortious acts in this judicial district as alleged in this Complaint.

## JURISDICTION AND VENUE

7.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because this suit arises under the federal Lanham Act and the federal Copyright Act.  This Court has jurisdiction over UFI's related state law and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

8.     This Court has personal jurisdiction over Defendants, and venue is proper in this Court, because Defendants transact business within this judicial district, have caused tortious injury to UFI within this district, and because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this district.

3

## FACTUAL ALLEGATIONS

9. UFI is a manufacturer and wholesaler of fine home furnishings, and is renowned for producing furniture with highly distinctive designs that contain creative selections of skillfully-crafted ornamental and decorative features.

10. In 2000, UFI retained professional furniture design firm Norman Hekler Design, Inc. ("Norman Hekler") to create a new collection of dining room and bedroom furniture featuring a complementary series of ornamental sculptures and carvings. During the summer and fall of 2000, Norman Hekler produced sketches and detailed technical drawings for the collection, which became known as the "Grand Inheritance Collection." UFI has offered the Grand Inheritance Collection for sale publicly since April of 2001.

11. Among the most distinctive and valuable features of the Grand Inheritance Collection is the selection and combination of particular ornamental sculptures and carvings (the "Grand Inheritance Designs") that appear on the pieces of furniture within the Collection. In creating the Grand Inheritance Designs, Norman Hekler selected, coordinated, and arranged numerous ornamental design elements, some of which are original creations of Norman Hekler and others of which are Norman Hekler's original adaptations of preexisting public domain designs from a variety of traditional design influences.

12. Norman Hekler has duly assigned and conveyed to UFI by written assignment all right, title and interest, including all copyrights, in and to the Grand Inheritance Designs and the Grand Inheritance Collection. UFI is the sole and exclusive owner of all right, title, and interest in and to the copyrights in the Grand Inheritance Designs.

4

13.     The Grand Inheritance Designs are original works of authorship, embodying copyrightable subject matter, and are subject to the full protection of the U.S. Copyright laws.  The copyrightable aspects of the Grand Inheritance Designs include numerous ornamental sculptures and carvings, including both original patterns and patterns adapted from preexisting works, appearing on the items of furniture, as well as Norman Hekler's original selection, coordination, and arrangement of the ornamental sculptures and carvings to be included within the Grand Inheritance Collection.

14.     UFI is the sole and exclusive owner of all right, title, and interest in and to the copyrights in the Grand Inheritance Designs.

15.     UFI has applied for and obtained from the United States Copyright Office a copyright registration for the Grand Inheritance Designs bearing registration number VA1-169-932.  The effective date of registration for the copyright covering the Grand Inheritance Designs is May 1, 2003.  Universal has also obtained a supplementary copyright registration for the Grand Inheritance Designs, bearing registration number VA1-188-951, which amplifies the previously issued registration in several respects.  The effective date of registration for the supplementary application is July 3, 2003.

16.     At UFI's request, Norman Hekler also designed a line of furniture for UFI called the "English Manor Collection."  The English Manor Collection similarly contained a complementary selection, coordination, and arrangement of ornamental sculptures and carvings.  UFI has offered the English Manor Collection for sale publicly since March 2002.

17.     The English Manor Collection, like Grand Inheritance, incorporates a selection and combination of particular ornamental sculptures and carvings (the "English Manor Designs") that appear on the pieces of furniture within the Collection. In creating the English Manor Designs, Norman Hekler selected, coordinated, and arranged numerous ornamental design elements, some of which are original creations of Norman Hekler and others of which are Norman Hekler's original adaptations of preexisting public domain designs from a variety of traditional design influences.

18.     Norman Hekler has duly assigned and conveyed to UFI by written assignment all right, title and interest, including all copyrights, in and to the English Manor Designs and the English Manor Collection. UFI is the sole and exclusive owner of all right, title, and interest in and to the copyrights in the English Manor Designs.

19.     The English Manor Designs are original works of authorship, embodying copyrightable subject matter, and are subject to the full protection of the U.S. Copyright laws. The copyrightable aspects of the English Manor Designs include numerous ornamental sculptures and carvings, including both original patterns and patterns adapted from preexisting works, appearing on the items of furniture, as well as Norman Hekler's original selection, coordination, and arrangement of the ornamental sculptures and carvings to be included within the English Manor Collection.

20.     UFI is the sole and exclusive owner of all right, title, and interest in and to the copyrights in the English Manor Designs.

6

21.     UFI has applied for and obtained from the United States Copyright Office a copyright registration for the English Manor Designs, and the compilation thereof within the English Manor Collection, bearing registration number VA1-227-506. The effective date of registration for the copyright covering the English Manor Designs is November 14, 2003.

22.     Upon information and belief, Defendants, without permission or authorization from UFI, undertook to obtain, and did obtain, through wrongful and deceptive means numerous items of furniture within the Grand Inheritance Collection and the English Manor Collection, or substantially similar copies thereof. Defendants then publicly displayed those items of furniture in the Collezione Europa showroom during the October 2004 International Home Furnishings Market in High Point, North Carolina, and began displaying, offering for sale, and selling these items of furniture as though they were collections and designs of Collezione Europa, all without authorization from UFI.

23.     Defendants, through Collezione Europa, the company they jointly own and control, sold vast amounts of furniture that infringed upon the rights of UFI until they and their company were permanently enjoined from doing so by this Court in an order entered on November 30, 2007 in the Collezione Europa Litigation.

24.     Defendants and their company, Collezione Europa, reaped substantial illicit profits from their infringements of UFI's rights. UFI suffered significant damage from Defendants' wrongful actions.

25.     This Court made extensive and detailed findings of fact and conclusions of law in the Collezione Europa Litigation. Among other things, the Court found that UFI's

7

Grand Inheritance and English Manor copyrights are valid, that Collezione Europa infringed those copyrights through offering for sale and selling furniture collections known as 20000 and 20200, that Collezione Europa engaged in unfair competition and committed unfair and deceptive trade practices in displaying the 20200 collection at the 2004 High Point furniture market and in promotional materials, and that UFI had been damaged by those actions.

26.     Defendants, both individually and jointly, directly induced, materially participated in, caused, and controlled the actions of Collezione Europa that were found by this Court, in the Collezione Europa Litigation, to be wrongful and to constitute copyright infringement, unfair competition, and unfair and deceptive trade practices. Defendants had full knowledge at all relevant times of Collezione Europa's wrongful actions. Furthermore, Defendants, both individually and jointly, at all relevant times had the right and ability to supervise and control the infringing activities, and, as joint owners of Collezione Europa and otherwise, had a direct financial interest in those activities. Defendants are jointly and severally liable to UFI directly, contributorily, and vicariously, for copyright infringement, unfair competition, and unfair and deceptive trade practices.

**FIRST CLAIM FOR RELIEF**
**(False Designation of Origin; 15 U.S.C. § 1125(a))**

27.     The allegations of all of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

28.     Defendants' conduct, as described above, and in particular their display of actual pieces of UFI's English Manor collection in their showroom and in marketing materials, is likely to cause confusion, to cause mistake, and/or to deceive the public as to the

8

origin of the furniture products displayed in Defendants' showroom and marketing materials, and in fact did cause such confusion, mistake, and deception.  Because of such conduct, members of the public were led to believe that Defendants' company was the source of such products when, in fact, it was not.

29.      Defendants' conduct, as described above, constitutes the use in commerce of false designations of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30.      Upon information and belief, Defendants' conduct described above was intentionally devised to deceive consumers, and to pass off UFI's products as those of Defendants.

31.      Defendants' company, Collezione Europa, has already been found liable by this Court under the Lanham Act based upon the above-described actions, which Defendants participated in, controlled, and profited from.

32.      UFI has been and will be injured as a direct and proximate result of Defendants' false designations of origin in that UFI has been deprived of the opportunity to earn future sales and profits.  In addition, Defendants have been unjustly enriched, and will be unjustly enriched, by reason of their false designations of origin, in that Defendants have achieved sales and profits, and the opportunity to earn additional sales and profits, as a direct and proximate result of their unlawful conduct.  The total amount of damages that UFI has sustained, and the total amount by which Defendants have been or will be unjustly enriched, will be proven at trial.  Such damages should be trebled pursuant to 15 U.S.C. § 1117(a).

33.     This is an exceptional case pursuant to 15 U.S.C. § 1117(a), and UFI is therefore entitled to recover its attorney fees from Defendants.  Pursuant to 15 U.S.C. § 1117(a), UFI is also entitled to recover its costs of suit.

## SECOND CLAIM FOR RELIEF
### (Direct and Contributory Copyright Infringement; 17 U.S.C. § 501)

34.     The allegations of all of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

35.     Defendants had access to the Grand Inheritance Designs and the English Manor Designs.

36.     UFI did not authorize Defendants to reproduce the Grand Inheritance Designs or the English Manor Designs, nor did it authorize Defendants to display reproductions of such Designs or to create any derivative works based on the Designs.

37.     Defendants knowingly and willfully directed, participated in, and supervised the promotion and offering for sale pieces of furniture within UFI's Grand Inheritance and English Manor Designs to the public, the reproduction of such Designs, the creation and reproduction of substantially similar derivative works based on such Designs, and the offering for sale and sale of such reproductions and derivative works to the public, all in violation of the Copyright Act, 17 U.S.C. § 501.  Defendants had the right and ability to control the infringing actions of Collezione Europa, did in fact control such actions, and directly and personally benefited from those actions.

38.     UFI has suffered injuries and damages as a direct and proximate result of Defendants' copyright infringement in that UFI has been deprived of sales and profits.  In

10

addition, Defendants have been unjustly enriched, and will be unjustly enriched, by reason of their direct and contributory copyright infringement, in that Defendants' company achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its and Defendants' unlawful conduct. The total amount of damages that UFI has sustained or will sustain, and the total amount by which Defendants has been or will be unjustly enriched, will be proven at trial.

39.     As a result of Defendants' acts of direct and contributory infringement alleged herein and in accordance with Section 504 of the Copyright Act, 17 U.S.C. § 504, UFI is entitled to recover from Defendants the damages it has sustained and will sustain, and any profits obtained by Defendants and their company. Defendants are jointly and severally liable, along with Collezione Europa, for all such damages and profits. The amount of such damages and profits will be proven at trial.

### THIRD CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices under N.C. Gen. Stat. § 75-1.1)

40.     The allegations of all of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

41.     Defendants' conduct alleged herein is in commerce and affects commerce in the State of North Carolina, and has a tendency to deceive and mislead.

42.     Defendants' conduct as alleged herein constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of N.C. Gen. Stat. § 75-1.1.

11

43.     UFI has been and will be injured as a direct and proximate result of Defendants' unfair and deceptive acts and practices in that, among other things, UFI has been deprived of the opportunity to earn future sales and profits.  In addition, Defendants have been unjustly enriched, and will be unjustly enriched, by reason of their unfair and deceptive acts and practices, in that Defendants achieved sales and profits, and the opportunity to earn additional sales and profits, as a direct and proximate result of their unlawful conduct.  The total amount of damages that UFI has sustained or will sustain, and the total amount by which Defendants have been or will be unjustly enriched, will be proven at trial.  Such damages should be trebled pursuant to N.C. Gen. Stat. § 75-16.  Defendants are jointly and severally liable, along with Collezione Europa, for all such damages.

44.     Defendants willfully engaged in the acts and practices alleged above, and there has been an unwarranted refusal by Defendants to resolve the matters that constitute the basis of the present suit, justifying an award of attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

**FOURTH CLAIM FOR RELIEF**
**(Common Law Unfair Competition)**

45.     The allegations of all of the foregoing paragraphs are repleaded and incorporated by reference as though fully restated herein.

46.     Defendants' conduct alleged herein constitutes unfair competition in violation of the common law of the State of North Carolina.

47.     UFI has been injured, and will continue to be injured, by reason of Defendants' unfair competition in that UFI has been deprived of the opportunity to earn

12

future sales and profits as a direct and proximate result of the illegal conduct of Defendants. In addition, Defendants have been unjustly enriched by reason of their unfair competition in that they have achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of their illegal conduct. The total amount of damages that UFI has sustained or will sustain, and the total amount by which Defendants have been or will be unjustly enriched, will be proven at trial. Defendants are jointly and severally liable, along with Collezione Europa, for all such damages.

48.    The conduct of Defendants alleged herein was willful or wanton in nature, demonstrating a willful disregard for UFI's rights. Such willful and wanton conduct is related to the injuries UFI has suffered, justifying an award of punitive damages pursuant to N.C. Gen. Stat. § 1D-15.

**WHEREFORE**, UFI prays for relief as follows:

1.  That judgment be entered in favor of UFI and against Defendants, jointly and severally, for the full amount of UFI's damages arising from Defendants' false designations of origin, unfair and deceptive trade practices, and unfair competition;

2.  That Defendants be ordered to account for and disgorge to UFI all profits they and their company have derived from their false designations of origin, unfair and deceptive trade practices, and unfair competition, and that judgment be entered in UFI's favor and against Defendants, jointly and severally, in that amount;

13

3. That judgment be entered in favor of UFI and against Defendants, jointly and severally, for the full amount of UFI's damages and Defendants' profits arising from Defendants' direct and contributory copyright infringements of the English Manor and Grand Inheritance Designs;

4. That such damages as UFI is entitled to based on Defendants' false designation of origin and unfair and deceptive trade practices be trebled pursuant to 15 U.S.C. § 1117 and/or N.C. Gen. Stat. § 75-16;

5. That, in the alternative to treble damages, UFI have and recover punitive damages from Defendants;

6. That the costs of this action, including UFI's reasonable attorneys' fees, be taxed against Defendants;

7. That UFI be awarded interest, including prejudgment interest, on the foregoing sums;

8. That UFI be awarded such other and further relief as the Court may deem just and proper.

14

This 13th day of June, 2008.

WOOD LAW FIRM PLLC


/s/ W. Swain Wood
W. Swain Wood
North Carolina State Bar No. 32037
301 Glenwood Avenue, Suite 280
Raleigh, North Carolina  27603
919.829.7394 (telephone)
919.829.7396 (facsimile)
swain@woodcolaw.com

Counsel for Plaintiff Universal Furniture
International, Inc.

15